UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WILLIE WILKS,

Petitioner,

v.

ROBERT MUNDT,

Respondent.

CIVIL NO. 01-307 (ADM/JMM)

REPORT AND RECOMMENDATION

The above matter is before the Court on a Petition for Writ of Habeas Corpus. [Docket No. 1]. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that the Petition for Writ of Habeas Corpus [Docket No. 1] be denied, and the Petition dismissed without prejudice.

**FINDINGS OF FACT/REPORT**

The Petition for Writ of Habeas Corpus in this case is based on Petitioner's assertion that he was assigned a public safety factor ("PSF") without receiving due process of law, in violation of his rights under the Fifth Amendment. The Court concludes that Petitioner has not identified a protected liberty interest which was allegedly infringed, and therefore his Petition should be denied.

Petitioner is currently serving a 120-month sentence at the Federal Correctional Institution in Waseca, Minnesota for drug trafficking. He has been assigned

FILED JUN 05 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a PSF based upon a 1957 conviction for two counts of Sexual Intercourse with a Child. Petitioner was 20 years old at the time of the conviction. He is currently married to the woman who was the subject of those charges, and they have five children.

Petitioner objects to his PSF classification, alleging that his 1957 conviction was the result of racial discrimination. His apparent complaint is that the PSF classification is "stigmatizing." Petitioner does not assert that his PSF status will be made public, nor does he suggest what effect, if any, the PSF classification has had or will have on his life. It is not clear from Petitioner's submissions what stigma he believes will result from the PSF classification.

In his Traverse, Petitioner asserts that he is being deprived of a liberty interest without due process in violation of the Fifth Amendment by being classified as a "sex offender." In order to state a cognizable liberty interest for due process purposes, the restraint imposed must create "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995)(citation omitted). Petitioner requests that the PSF be removed, but makes no other request for relief. Other than Petitioner's vague and unsubstantiated mention of stigmatization, he has made no assertion of any additional hardship imposed upon him as a result of the PSF classification. Petitioner has not stated a cognizable liberty interest, and therefore his Petition should be dismissed.

We note that, even if Petitioner had attempted to assert deprivation of a specific liberty interest, such as being excluded from a treatment program or denied potential eligibility for early release based on his PSF classification, it is unlikely that the Court's decision would have been different. As explained in detail in our Report and

Recommendation in Green v. Federal Bureau of Prisons, Civil No. 00-819, dated February 6, 2001, ordinarily prisoners do not have a liberty interest in being assigned to a particular facility or to a particular program. In any event, Petitioner has not asserted any deprivation of rights resulting from his PSF classification.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for Writ of Habeas Corpus [Docket No. 1] be denied, and the Petition dismissed without prejudice.

Dated: June 5, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **June 20, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.