UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Willie Wilks,

Petitioner,

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-307 ADM/JMM

v.

Robert Mundt, Warden,

Respondent.

---

Willie Wilks, Pro Se, Federal Correctional Institution, Waseca, MN.

Robert M. Small, United States Attorney, and Mark R. Pitsenbarger, Assistant U.S. Attorney Minneapolis, MN.

---

## I. INTRODUCTION

On February 20, 2001, Willie Wilks ("Petitioner") filed a Petition for Writ of Habeas Corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2241. The matter is now before the Court on Petitioner's Objection [Doc. No. 13] to the Report and Recommendation ("R&R") [Doc. No. 10] of Magistrate Judge John M. Mason. Petitioner seeks to have a public safety factor ("PSF"), which labels him as a "sex offender," removed from his classification by the Bureau of Prisons ("BOP"). In the R&R, Judge Mason recommends that the Petition for Writ of Habeas Corpus be denied. For the reasons set forth below, the R&R is adopted and the Petition for Writ of Habeas Corpus is dismissed with prejudice.

## II. BACKGROUND

Petitioner currently is serving a 120-month sentence at the Federal Correctional Institution in Waseca, Minnesota after being convicted of drug trafficking charges in the United

FILED 8-6-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 8-6-01
DEPUTY CLERK

States District Court for the Eastern District of Wisconsin. Petitioner was a assigned a PSF of "sex offender" by the BOP because in 1957 he was convicted of Sexual Intercourse with a Child by the state of Wisconsin. Petitioner sought to have the PSF removed by the BOP by filing administrative appeals. In the appeals he argued that he did not deserve to be classified as a "sex offender" because the prior conviction occurred when he was 19, he is currently married to the woman who was the subject of that conviction, and they have five children together. Petitioner has exhausted his administrative appeals on this matter, and now seeks federal habeas relief. Further background information is set forth in the R&R and is incorporated by reference for the purposes of Petitioner's present objections.

## III. DISCUSSION

Petitioner objects to the R&R, and asserts that the BOP is depriving him of a liberty interest without due process, in violation of the Fifth Amendment, by classifying him as a "sex offender." The Court must make an independent, de novo evaluation of those portions of an R&R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2).

Petitioner asserts that he has been denied due process because his PSF classification as a "sex offender" is unjust. Petitioner argues that his 1957 conviction for Sexual Intercourse with a Child does not merit a PSF, and that he is not a threat to safety in prison or to the community because of his age and poor health. In order to seek relief from a BOP regulation through the Due Process Clause, however, Petitioner must establish a protected liberty interest. Such liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted). In *Freitas v. Ault*, 109 F.3d 1335, 1337 (8th Cir. 1997), for example, an inmate's involuntary transfer from a minimum security facility to a maximum security facility, without a hearing, did not give rise to a liberty interest for due process purposes, even when he lost a higher paying job and other privileges. In the present case, Petitioner's claim that the PSF classification stigmatizes him is not so atypical and significant as to meet the burden of establishing a liberty interest protected by the Due Process Clause. Moreover, even if Petitioner could meet the burden of establishing a protected liberty interest, the evidence indicates that Petitioner was assigned the PSF according to the criteria provided for in the BOP's Security Designation and Custody Classification Manual, and given the opportunity to argue his case. Petitioner has not been deprived of any constitutional due process rights.

## IV. CONCLUSION

Based upon the foregoing, the R&R, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) The R&R [Doc. No. 10] is **ADOPTED** in its entirety.

(2) Petitioner's Objection to the R&R [Doc. No. 13] is **DENIED**.

(3) The Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: AUG 06 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.